# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| PAUL COLVIN and PATRICIA GUERTIN, | ) | No. 69051-5-I |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES YOUNG and CAROLYN YOUNG; KRISTINE K. and JOHN DOE SMITH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondents. | ) | FILED: April 21, 2014 |

VERELLEN, J. — In this action arising out of a residential real estate transaction, the superior court dismissed the buyers' claims for intentional and negligent misrepresentation under the independent duty doctrine. The record and briefing on appeal are inadequate. We affirm.

## FACTS

In 2006, Kristine Smith sold her Lynnwood residence to Paul Colvin and Patricia Guertin (Colvin). At the time of the sale, a fence ran between the Colvin home and their neighbors to the south, James and Carol Young. There was also a grassy knoll between the fence and the Youngs' driveway.

In the seller disclosure statement portion of the real estate contract (also known as Form 17), Smith answered a series of questions by checking boxes next to "Yes," "No," or "Don't know." She checked "Yes" in response to the question, "Do you have

legal authority to sell the property?"[1] She checked "Don't Know" in response to several questions, including "Are there any encroachments, boundary agreements, or boundary disputes?"; "Is there a boundary survey for the property?"; and "Are there any covenants, conditions, or restrictions which affect the property?"[2]

In November, 2007, and again in 2009, Colvin had his property surveyed. The 2007 survey was recorded and shows the corners of the southern boundary that separates Colvin's and the Youngs' properties. It notes that the surveyors found capped rebar markers on the ground at the southern corners. The survey does not show the location of the fence or other structures near the southern boundary.

In July, 2011, Colvin filed this action against Smith and the Youngs, alleging adverse possession and mutual acquiescence against the Youngs and intentional and/or negligent misrepresentation against Smith. The complaint alleged that in May 2011, the Youngs informed Colvin that they had previously granted, and now wished to revoke, an unrecorded license allowing Smith to use a portion of their property along her southern boundary. The complaint further alleged that Smith "never identified any easements, licenses, or other encumbrances on the property regarding the Youngs and/or her use of the disputed property."[3] The complaint stated that Smith represented that her property extended to the Youngs' driveway and that "Smith intentionally and/or negligently failed to disclose the property boundary and/or acquiescence to the use of the disputed property."[4]

---

[1] Clerk's Papers at 50.

[2] Clerk's Papers at 50.

[3] Clerk's Papers at 33.

[4] Clerk's Papers at 35.

2

Smith moved for summary judgment, arguing that Colvin's claims were barred by the independent duty doctrine and the three-year statute of limitation. Smith stated in her declaration that she spoke only once with Colvin on her front porch and never discussed any real estate issues with him.

In his response to Smith's motion, Colvin argued that Smith had fraudulently concealed the true location of the southern boundary and her encroachment on, and permissive use of, the Colvin property. Colvin claimed that this fraudulent concealment breached a duty independent of the parties' contract and that his claims were not barred by either the independent duty rule or the statute of limitation.

In his declaration, Colvin stated "I have mowed the grass, occupied a portion of the disputed property with my deck and fence, . . . and have generally used and maintained all of the disputed property since I moved in."[5] He alleged that he "was never advised, either by Defendant Smith or Defendants Young, that the property I was maintaining did not belong to me until April 2011, when I received a letter from the Young's attorney."[6] He further alleged that "[i]t was only recently discovered by me that property I had maintained and exclusively used since moving in was purportedly owned by Defendants Young."[7]

In a responsive declaration, James Young alleged that he and his wife had granted "permissive use" of the disputed property to Smith in 2002.[8] According to Young, shortly after buying Smith's property in 2006, Colvin repeatedly asked the

---

[5] Clerk's Papers at 39.

[6] Clerk's Papers at 38.

[7] Clerk's Papers at 39.

[8] Clerk's Papers at 72.

Youngs "to quitclaim the area to him."[9] The Youngs understood his request included both the fenced property and the grassy knoll between the fence and the Youngs' driveway. They alleged that "[s]ince 2006 Mr. Colvin knew that the property in question (fenced area and grassy knoll) was not his property."[10]

The court granted summary judgment and dismissed Colvin's claims against Smith. Colvin and the Youngs subsequently settled the remainder of the case. Colvin appeals the dismissal of his claims against Smith.

DECISION

The sole issue on appeal is whether the superior court erred in granting summary judgment. We review that decision de novo, engaging in the same inquiry as the trial court.[11] Summary judgment is proper if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law.[12] All reasonable inferences from the evidence must be drawn in favor of the nonmoving party.[13]

The parties agree that the superior court granted summary judgment based on its conclusion that Colvin's claims for intentional and negligent misrepresentation were barred by the independent duty doctrine. Colvin contends the court erred in dismissing

---

[9] Clerk's Papers at 73.

[10] Clerk's Papers at 72.

[11] Dillon v. Seattle Deposition Reporters, LLC, ___ Wn. App. ___, 316 P.3d 1119, 1127 (2014) (quoting Green v. Normandy Park Riviera Section Cmty. Club, 137 Wn. App. 665, 681, 151 P.3d 1038 (2007)).

[12] Id. (citing CR 56(c)).

[13] Lamon v. McDonnell Douglas Corp., 91 Wn.2d 345, 349, 588 P.2d 1346 (1979).

those claims. For several reasons, we conclude this contention is not reviewable on the existing record and briefing.

First, our review is limited by RAP 9.12 and the superior court's order on summary judgment. RAP 9.12, which governs review of summary judgment orders, states:

> On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court. The order granting or denying the motion for summary judgment shall designate the documents and other evidence called to the attention of the trial court before the order on summary judgment was entered. Documents or other evidence called to the attention of the trial court but not designated in the order shall be made a part of the record by supplemental order of the trial court or by stipulation of counsel.

The order in this case states that the court read and considered "the following pleadings: Kristine K. Smith's Motion for Summary Judgment, Declaration of Kristine K. Smith."[14] The order does not mention any of Colvin's submissions below, and Colvin has not made those submissions a part of the reviewable record on appeal by supplemental order or stipulation of counsel.

Second, though mentioned in the summary judgment order as a document considered by the court below, Smith's declaration has not been made a part of the official record on review.

Third, the record on appeal is inadequate to apply the independent duty doctrine. "The independent duty doctrine is an analytical framework that is used to determine whether one party to a contract can bring tort claims against another party to the

---

[14] Clerk's Papers at 2.

contract."[15] The doctrine allows an action in tort if the injury is traceable to the breach of a duty arising independently of the contract.[16] However, "[t]he analytical framework provided by the independent duty doctrine *is only applicable when the terms of the contract are established by the record. To determine whether a duty arises independently of the contract, we must first know what duties have been assumed by the parties within the contract.*"[17] The record before us does not include the purchase and sale agreement. Although it includes the seller disclosure form, this is, at most, only a portion of the contract.[18] Colvin has failed to carry his burden of providing an adequate record for review.[19]

Fourth, Colvin's briefing is inadequate and raises theories and arguments that differ from those raised below. The complaint alleged claims for "Intentional and/or Negligent Misrepresentation."[20] It did not mention fraud, fraudulent concealment, the seller disclosure form, or Smith's alleged knowledge that her deck encroached onto the Young's property. The complaint simply alleged that Smith "never identified any easements, licenses, or other encumbrances on the property regarding the Youngs and/or her use of the disputed property,"[21] that Smith had an unrecorded license to

---

[15] Donatelli v. D.R. Strong Consulting Engineers, Inc., 179 Wn.2d 84, 98, 312 P.3d 620 (2013).

[16] Id. at 92.

[17] Id. (emphasis added).

[18] See Austin v. Ettl, 171 Wn. App. 82, 87 n.6, 286 P.3d 85 (2012) (split decision concluding that Form 17 is not part of a real estate contract).

[19] See RAP 9.2; Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988)

[20] Clerk's Papers at 35.

[21] Clerk's Papers at 33.

maintain the disputed property, and that she represented that her property extended all the way to the Youngs' driveway.

For the first time in his response to Smith's motion for summary judgment, Colvin mentioned that Smith answered "Don't know" to a question regarding encroachments on the seller disclosure form. He then argued for the first time that "Smith's fraudulent concealment of her encroachment is an independent duty" beyond the parties' contract.[22] Smith argued in her reply brief that the complaint did not state a claim for fraudulent concealment.

On appeal, Colvin's claim continues to be a moving target. He initially described his claims as "theories of Intentional and Negligent Misrepresentation" that rested, in part, on an answer in the seller disclosure form that was not mentioned in his pleadings below.[23] In the argument portion of his brief, however, Colvin described his claim as "Smith's fraudulent concealment of her encroachment" by building "part of [her] residence on property that purportedly belongs to another."[24] In her respondent's brief, Smith expressed understandable confusion as to the precise nature of Colvin's claim and noted its ongoing transformation. Smith repeated her argument that Colvin's complaint failed to state a claim for fraudulent concealment. Colvin did not respond to this argument in his reply brief.[25]

---

[22] Clerk's Papers at 14.

[23] The question was "Do you have legal authority to sell the property?" Smith answered "Yes." Clerk's Papers at 50.

[24] App. Br. at 10.

[25] Although we need not decide this issue, Colvin's complaint arguably fails to plead facts supporting a claim of fraudulent concealment. Fraudulent concealment can be pleaded either by affirmatively pleading the nine elements of fraud, Baertschi v. Jordan, 68 Wn.2d 478, 482, 413 P.2d 657 (1966), or pleading the breach of an

It is well settled that "[w]e will not review an issue, theory, argument, or claim of error not presented at the trial court level."[26] Nor will we consider arguments that are inadequately briefed.[27] With respect to the nature of his claims and the adequacy of his complaint, Colvin's briefing on appeal violates the spirit, if not the letter, of these rules. The thoroughness of the briefing and the record are particularly important when, as here, the issues on appeal involve an evolving and unsettled area of the law.

Given the deficient record and briefing on appeal, Colvin fails to establish a basis for relief.[28] Smith's request for costs on appeal under RAP 14.2 is granted, but her request for fees is denied because the alleged contractual basis for fees is not in the record.

Affirmed.

_Uull, ACJ_

WE CONCUR:

_Spuman, C.J._                    _Leach, J._

---

affirmative duty to disclose material facts that would not be disclosed by a careful, reasonable inspection. Jackowski v. Borchelt, 174 Wn.2d 720, 739, 278 P.3d 1100 (2012); Eastwood v. Horse Harbor Found., 170 Wn.2d 380, 391, 241 P.3d 1256 (2010). The complaint arguably satisfies neither alternative.

[26] Lindblad v. Boeing Co., 108 Wn. App. 198, 207, 31 P.3d 1 (2001); see also Behnke v. Ahrens, 172 Wn. App. 281, 295, 294 P.3d 729 (2012) (summary judgment); RAP 9.12; RAP 2.5(a).

[27] Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

[28] In light of our disposition, we do not reach Smith's alternative bases for affirming summary judgment, including the statute of limitation and collateral estoppel.